IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LOUIS JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER GAVIN SIERRA, et al.,<br><br>　　　　　Defendants. | No. C 05-3391 SBA (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Kevin Louis Jones filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

In the complaint in this action, Plaintiff sues San Mateo County, the Broadmoor Police Department, the police chief and several officers for damages for violating his constitutional rights.

Plaintiff claims that on August 2, 2004, he was detained by Broadmoor Police Department Officer Gavin Sierra and "subsequently given a citation and taken to First Chance North."[1] (Pl.'s Decl. at 2.) He claims the citation was for a minor vehicle infraction. (Id.) He then alleges that "several hours later, Officer Sierra returned to First Chance North and informed [him] that [he] had to sign what appeared to be another citation." (Id.) Plaintiff was "reluctant to sign and at that time Officer Sierra then began to threat[en] -- intimidate [him] to sign or go to jail." (Id. at 3.) Plaintiff eventually signed the citation. (Id.) Plaintiff claims he "subsequently learned that Officer Sierra issued the second citation for DUI at a time when [Plaintiff] was not intoxicated." (Id.) He further alleges that Officer Sierra testified falsely at the preliminary hearing relating to the aforementioned citations. (Id.)

Plaintiff sent letters and formal complaints to the Broadmoor Police Department regarding

---

[1] San Mateo County's First Chance Program provides an alternative to incarceration for those who are arrested for alcohol/drug related offenses.

Officer Sierra's actions. He claimed that Officer Sierra "subjected him to excessive emotional distress and physical pain, by his constitutional violations reguarding [sic] the arrest-detention and subsequent adjudication." (Pl.'s Attach., May 24, 2005 letter to the San Mateo County Board of Supervisors at 2.)

Plaintiff claims that the remaining Defendants, specifically the Broadmoor Police Department Police Chief, "took no action to correct or discipline the actions of Officer Sierra." (Pl.'s Decl. at 3.)

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint has a fatal defect requiring its dismissal. The complaint for damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Heck held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. When a prisoner seeks damages in a civil rights action, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

2

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Heck, 512 U.S. at 487.

The Ninth Circuit has held that Heck generally bars claims challenging the validity of an arrest, prosecution or conviction. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated).

In the present case, a decision in favor of Plaintiff would imply the invalidity of his arrest, the issuance of the citations and his eventual adjudication for the aforementioned charges because the alleged wrongful conduct of Defendants caused him to be convicted of charges that he contends are false and otherwise infirm. If the charges are determined to be false (which would be necessary for Plaintiff to prevail), the conviction necessarily would be invalidated. Therefore, Heck bars Plaintiff's complaint for damages. The Court further notes that regardless of whether Plaintiff alleges that he is or isn't seeking to invalidate a sentence or conviction, if a conviction or sentence will necessarily be invalidated by a favorable decision to Plaintiff, Heck applies and requires dismissal.

## **CONCLUSION**

For the foregoing reasons, the complaint fails to state a claim upon which relief may be granted. Accordingly, the complaint is DISMISSED without prejudice to Plaintiff filing a new action if his conviction is ever set aside. The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 6/9/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.05\Jones3391.dismiss(heck).frm  3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JONES,

        Plaintiff,

  v.

SIERRA et al,

        Defendant.

Case Number: CV05-03391 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin Louis Jones
2880 Birch Avenue
Camino, CA 95709

Dated: June 9, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.05\Jones3391.dismiss(heck).frm

**United States District Court**
For the Northern District of California